UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CRIMINAL ACTION NO. 13-66-DCR
CIVIL ACTION NO. 14-7366-DCR

UNITED STATES OF AMERICA                                          PLAINTIFF

V.

ERIC JACKSON                                                      DEFENDANT

**REPORT AND RECOMMENDATION**

Pending is defendant Eric Jackson's pro se motion pursuant to 28 U.S.C. §2255. Doc. 122. After examining the record and applicable law, the Court recommends that the motion be denied.

**I. Factual and Procedural History**

In July 2013 defendant entered into a plea agreement with the United States whereby defendant agreed to plead guilty to one count of conspiracy to distribute 100 grams or more of heroin. Doc. 78. The plea agreement provided that defendant had a prior felony drug conviction and, therefore, was subject to a statutory minimum ten year sentence. *Id.* at p. 3. Section eight of the plea agreement provided that defendant "waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." *Id.* Defendant's rearraignment occurred on July 8, 2013, during which he was orally advised of his rights and the most pertinent parts of the plea agreement were discussed and explained. *See* Doc. 120 (transcript of rearraignment).

In October 2013, defendant was sentenced to the statutory minimum of 120 months'

1

imprisonment. Doc. 105 (judgment); 121 (sentencing transcript). Defendant did not appeal. Defendant filed the pending §2255 motion in August 2014. Doc. 122. The only issue in the motion is defendant's contention that his attorney was ineffective when he failed to ask the Court to apply the safety valve (U.S.S.G. §5C1.2).

**II. Analysis**

"A prisoner seeking relief under § 2255 must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To be cognizable under §2255, an alleged constitutional error must be of such magnitude as to have "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

To demonstrate ineffective assistance of counsel, a petitioner must make two showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both prongs if a petitioner fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004).

When a defendant has pleaded guilty, "to satisfy the 'prejudice' requirement [of *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "To demonstrate a reasonable probability that he would have

gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial." *Parks v. United States*, 2013 WL 427256, at *4 (E.D.Tenn. Feb. 4, 2013). Finally, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

Defendant has not asserted that he would have gone to trial, absent the alleged error. Instead, defendant contends he was prejudiced because his sentence was increased (in actuality, not decreased below the statutory minimum) by his attorney's failure to seek application of the safety valve.

The statutory basis for the so-called safety valve is 18 U.S.C. §3553(f), which provides in relevant part:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines . . .; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

3

"Shortly after adoption of this provision, the United States Sentencing Commission promulgated a new guideline, USSG § 5C1.2, which adopted the safety valve language verbatim." *United States v. O'Dell*, 247 F.3d 655, 674-75 (6th Cir. 2001).

To be entitled to application of the safety valve, "[t]he defendant, as the party seeking a downward departure, has the burden of proving by a preponderance of the evidence that he is entitled to the 'safety valve' reduction. The defendant is required to provide complete information regarding not only the offense of conviction, but also any relevant conduct, including disclosure of information regarding the participation of other people in the offense." *United States v. Salgado*, 250 F.3d 438, 459 (6th Cir. 2001) (citation omitted).

There is no dispute that defendant satisfied the first three criteria. Although the United States makes a brief argument that defendant may have had a leadership role, the main focus is whether defendant satisfied the fifth criterion, which required him to provide "all information and evidence" he had.

The PSR made no mention of the safety valve. Nonetheless, at sentencing defendant answered "I'm fine with it" when asked if he had reviewed the PSR or needed additional time to do so. Doc. 121, p. 3. Defendant's silence regarding the safety valve at the time of sentencing could be construed as an understanding that he was ineligible for safety valve relief. In addition, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

4

It is uncontested that defendant did cooperate to a certain extent. However, the United States argues that defendant's cooperation was insufficient to merit safety valve relief. To support its argument, the United States has presented a report of the arresting officer stating that, when asked, defendant did not implicate an individual the police believed to be the source of the heroin.[1] *See* Doc. 130-1, p. 8. In his reply, defendant only asserts that he "had no relevant or useful information to provide about this because he obtained his heroin from numerous anonymous sources." Doc. 133, p. 3. Noticeably, defendant's reply does not explicitly state that he provided all the information he possessed. Indeed, defendant's reply does not actively refute the United States' contrary contention that defendant declined to provide all the information he possessed. Instead, defendant only really asserts he did not believe the unspecified information he possessed but did not provide was useful or relevant.

The relevancy/utility of information defendant possessed was not a matter for defendant to unilaterally determine. Instead, defendant was required to disclose the information he possessed regardless of his subjective perception of its value. *See, e.g., United States v. Myers*, 106 F.3d 936, 941 (10th Cir. 1997) ("Section 5 is very broad, requiring disclosure of everything the defendant knows about his own actions and those who participated in the crime with him. In this case, Mr. Myers related to the KBI all that he knew about his own actions, but refused to

---

[1] The United States also alleges that it "poke [sic] with defense counsel on November 13, 2014, and was advised that Jackson was never willing to name the source of supply, and declined to talk with the United States. Jackson, according to his counsel, simply said 'they know everything already'." Doc. 130, p. 5. The United States inexplicably has not submitted an accompanying affidavit or declaration from defendant's attorney. However, the record does contain a sealed supplement to the plea agreement—signed by defendant--which states that defendant declined to cooperate with the United States "in the investigation and prosecution of the matters in the Indictment and related matters." Doc. 104.

provide other information, such as who his buyers were or the names of others connected to his operation. Mr. Myers did not provide additional information apparently because he did not think it would be helpful to the government. However, section 5 requires disclosure whether or not it is relevant or useful to the government's investigation.") (quotation marks and citations omitted). In addition, even if defendant truly did not know the actual names of his "anonymous" sources, he could have given other information (i.e., physical descriptions, makes/models of any vehicles, location(s) and time(s) of drug buy(s), identities of other buyers, etc.). In short, though it is unquestioned that defendant provided some information to the authorities, defendant has not met his burden to show that he "truthfully provided . . . *all information and evidence the defendant has* concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. §3553(f)(5) (emphasis added). Thus, defendant has not met his burden to show that he was eligible for safety valve relief.[2] *See, e.g., United States v. Maduka*, 104 F.3d 891, 894 (6th Cir. 1997) ("Every court which has considered the issue has held that § 5C1.2 requires a defendant to provide complete information regarding the immediate chain of [drug] distribution."). Because counsel cannot be ineffective for failing to make a meritless argument, defendant's ineffective assistance of counsel claim must concomitantly fail.[3]

---

2 In fact, the rather tenuous nature of defendant's claim is exemplified by the fact that he only asserts in his memorandum in support of his §2255 motion that he "*probably* qualified" for application of the safety valve. Doc. 122-1, p. 8 (capitalization omitted; emphasis added).

3 Prior to sentencing, defendant's attorney wrote defendant a letter which stated in relevant part that "[t]he probation officer indicates that he believes you may be safety valve eligible if you choose to cooperate with the government. Given the fact that you are facing a ten (10) year mandatory minimum, if you cooperated and provided substantial assistance, the United States could ask the judge to sentence you to less than 10 years." Doc. 122-1.
   That letter is not optimally phrased. First, application of the safety valve is a decision for the Court and is not dependent on a recommendation by

6

Finally, defendant argues that he must have cooperated fully (and therefore have been eligible for safety valve relief) because the express terms of his plea agreement required him to cooperate fully. Section ten of defendant's plea agreement provided in relevant part that defendant "agrees to cooperate fully with the United States Attorney's Office and will make a full and complete financial disclosure." Doc. 103, p. 4. That section then went on to set forth in great detail defendant's obligations regarding his finances. Defendant seizes only on the clause of the first sentence which required him to "cooperate fully with the United States Attorney's Office" to argue that, ipso facto, he must have cooperated fully because the United States never stated to the Court that defendant had breached his plea agreement.

Read in a vacuum, the clause at issue could lead to a conclusion that defendant was required to cooperate fully in all respects. However, when the clause is read in context with the remainder of section ten it becomes clear that defendant was required to cooperate only as to financial matters and, consequently, the cooperation clause has no bearing on application of the safety valve. In any event, the fact that the United States did not move to withdraw the plea

---

the United States. *See, e.g., United States v. Bonas*, 434 Fed.Appx. 422, 426 (6th Cir. 2011) (district court applied safety valve over United States' objection). Second, the usage of the phrase "substantial assistance" was also imprecise as that phrase pertains to motions for downward departure filed by the United States under U.S.S.G. §5K 1.1. In other words, the letter unfortunately seemed to confuse the distinct standards for proper application of the safety valve and motions for downward departure under §5K1.1. *See, e.g., Maduka*, 104 F.3d at 894-95 ("Although § 5K1.1 requires a defendant to provide substantial assistance in fact, § 5C1.2 only requires a defendant to provide the information which he possesses, regardless of whether it actually proves helpful to the government. Moreover, a court evaluating a § 5K1.1 motion must grant substantial weight to the evaluation by the government of the assistance rendered by a defendant, whereas a court independently reviews the applicability of § 5C1.2. Thus, sections 5C1.2 and 5K1.1 perform distinct functions, not withstanding [sic] the obligation under § 5C1.2 to provide complete information about the participation of other people in the offense of conviction.") (quotation marks and citations omitted). Defendant has not shown, however, that the inaccuracies in the letter caused him to suffer prejudice as it remains uncontested that he did not provide all relevant information to the United States and, consequently, was ineligible for safety

agreement based on defendant's lack of cooperation does not lead to an inevitable conclusion that defendant met the requirements for application of the safety valve. Finally, defendant's construction of section ten as requiring full cooperation on all matters is at odds with the supplemental plea agreement's explicit statement that defendant had elected not to cooperate.

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Eric Jackson's 28 U.S.C. §2255 motion (doc. 122) be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 31st day of December, 2014.



Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

---

valve relief.