UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 5: 13-66-DCR |
| V. | ) ) | Civil Action No. 5: 14-7366-DCR |
| ERIC DAWAYNE JACKSON, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant/Movant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action is pending for consideration of Defendant Eric Jackson's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 122] On July 8, 2013, in conjunction with a written Plea Agreement, Jackson entered a guilty plea to conspiring to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846. [Record No. 103] On October 16, 2013, he was sentenced to a term of imprisonment of 120 months, to be followed by a term of supervised release of eight years. [Record No. 121] In accordance with local practice, the pending motion was referred to a United States Magistrate Judge for review and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On December 31, 2014, United States Magistrate Judge J. Gregory Wehrman issued a Report recommending that Jackson's motion to vacate be denied. [Record No. 135]

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal.  *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Here, Jackson has not filed objections to the report and the time to do so has now expired.  Nevertheless, having fully considered the record, and having considered the motion *de novo*, the Court agrees with the Magistrate Judge's analysis and conclusions concerning the issues raised by Jackson's § 2255 motion.  Additionally, Jackson has not shown that a Certificate of Appealability should issue.[1]

Jackson's sole argument in support of his motion is that he received ineffective assistance of counsel when his attorney failed to seek the application of the so-called "safety-valve" under 18 U.S.C. § 3553(f), which limits the applicability of statutory minimums in certain cases.  As the movant, Jackson faces a heavy burden.  To succeed on an ineffective assistance of counsel claim, a defendant "must [first] show that counsel's performance was deficient."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  That is, the defendant's counsel must have made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Second, the defendant must show

---

[1] **Error! Main Document Only.**A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  In the present case, Jackson has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issue he now seeks to raise is debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

that he was prejudiced by this deficient performance, requiring a showing that "counsel's trial errors were so serious as to deprive the defendant of a fair trial" and alter the outcome of the proceeding. *Id*. The Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997). Further, among the requirements of the safety-valve reduction is a showing that the defendant "truthfully provided to the Government all information and evidence the defendant has concerning the offense of offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5).

Jackson has not met his burden. As explained in the Magistrate Judge's Report and Recommendation, Jackson has failed to demonstrate that counsel's performance was deficient. Similarly, there is no indication that Jackson would have received the benefits of the safety valve, regardless of his attorney's actions. Simply put, Jackson was ineligible for application of the safety valve due to his lack of cooperation with the government. [Record No. 130] Counsel will not be found deficient for declining to make an argument that is not legally justified. *See Cochran v. United States*, 153 Fed. App'x. 366 (6th Cir. 2005).

Jackson has not demonstrated that he is entitled to collateral relief under 28 U.S.C. § 2255. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 135] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Eric Jackson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 122] is **DENIED**.

3. The Court declines to issue a Certificate of Appealability.

-4-

4.      A judgment in favor of the United States shall issue this date.

This 20th day of January, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge