UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-66-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC DAWAYNE JACKSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 20, 2015, the Court filed a Memorandum Opinion and Order adopting the Report and Recommendation of Magistrate Judge J. Gregory Wehrman and dismissing this habeas proceeding from the Court's docket. [Record No. 138] The Memorandum Opinion and Order was entered following a *de novo* review of all issues raised in Defendant Eric Dawayne Jackson's motion filed pursuant to 28 U.S.C. § 2255. On January 21, 2015, Jackson filed objections to the Magistrate Judge's Report and Recommendation. [Record No. 140] The Court has now reviewed those objections and concludes that they do not alter its earlier analysis.

Jackson raises two objections. The first is to the Magistrate Judge's finding that Jackson did not qualify for the "safety valve" provisions of 18 U.S.C.S. § 3553(f), and the second objection is to the conclusion that counsel's decision not to seek the safety-valve was a strategic one that was not objectively unreasonable. However, for the reasons discussed previously, these objections are misplaced.

As noted earlier, to satisfy the fifth statutory prerequisite for a safety-valve reduced sentence, a defendant must have truthfully provided all the information and evidence concerning the offense. [Record No. 138, p. 3] Further, a claim of ineffective assistance of counsel is governed by the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a petitioner to show that counsel's performance was deficient and prejudiced his defense. *Id.*, at 687-688. Under this standard, a lawyer's tactical decisions carry a presumption that the alleged error might be considered sound trial strategy. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

Both the Magistrate Judge and the Court in its *de novo* review applied these standards to Jackson's case, concluding that the decision not to seek safety-valve sentencing relief was objectively reasonable and did not constitute deficient performance. [Record Nos. 135, 138] These findings are based on a review of the record indicating that, because there was substantial doubt as to the extent and truthfulness of the Defendant's cooperation with the government, he would not have qualified for the reduction.[1] Nothing in the Defendant's objections meets his burden of proving otherwise. Having fully considered Defendant Jackson's objections to the Report and Recommendation of the United States Magistrate Judge, it is hereby

**ORDERED** that the defendant's objections to the Magistrate Judge's Report and Recommendation [Record No. 140] are **OVERRULED** for the reasons outlined above and in the Court's Memorandum Opinion and Order filed January 20, 2015 [Record No. 138].

---

[1] Although it appears that the Defendant cooperated to an extent, his cooperation was insufficient to merit the safety-valve relief. [Record No. 130-1, p. 8]

This 22nd day of January, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge