UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 13-66-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 14-7366-DCR |
| | ) | |
| ERIC DAWAYNE JACKSON, | ) | |
| | ) | **MEMORANDUM ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 20, 2015, the Court filed a Memorandum Opinion and Order, adopting the Report and Recommendation of United States Magistrate Judge J. Gregory Wehrman and dismissing this habeas proceeding from the docket.  [Record No. 138]  The opinion was entered following a *de novo* review of all issues raised in Defendant Eric Dawayne Jackson's motion filed pursuant to 28 U.S.C. § 2255.  Under 28 U.S.C. § 636(b)(1)(B), Jackson had fourteen days to file objections to the Magistrate Judge's Report.  Instead, Jackson filed his objections on January 21, 2015, after the deadline had passed.[1]  [Record No. 140]  Nonetheless, the Court reviewed those objections, ultimately finding that they did not alter its analysis.  [Record No. 141]  Jackson has now filed a motion to reconsider the denial of his § 2255 petition, requesting an evidentiary hearing or, in the alternative, a Certificate of Appealability.  [Record No. 142]

---

[1] In his present motion, Jackson claims that these objections were timely filed by January 13, 2015. This claim is belied by the record, which indicates that the objections were filed on January 21, 2015, after the appropriate time had expired.  [Record No. 140]

Rule 59(e) allows district courts to make corrections, thus sparing parties and appellate courts the burden of unnecessary appellate proceedings. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). However, while Rule 59 allows for reconsideration of a court's judgment, it does not permit parties to effectively "re-argue a case." *Id.*, at 475 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Rather, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citations omitted).

Here, Jackson claims that his "eligibility for application of the safety-valve [under 18 U.S.C. § 3553(f)] has never been properly considered and determined" because his attorney "failed even to raise the issue at my sentencing." [Record No. 142, p. 2] In support, he essentially re-argues the same points that were considered and rejected in connection with his original request. Without specificity, Jackson adds that "this Court may have confused the safety-valve requirements with the requirements for a sentence reduction under United States Sentencing guidelines § 5K1.1." [Record No. 142, p. 4] However, both the Magistrate Judge and this Court have previously addressed the appropriate standard for safety-valve eligibility and found that Jackson did not meet his burden of proof that he would have qualified for the provision even if his attorney had requested its application. [Record Nos. 135, p. 4-6; 138, p. 3]

Having again reviewed the file of this proceeding, the Court finds that the defendant's current argument is neither new nor based on newly-discovered evidence. Further, the

defendant has not shown a change in intervening law regarding issues of retroactivity or waiver which would cause the Court to alter its earlier analysis.  Neither has Jackson has demonstrated that the Court's earlier determination constitutes a manifest error of law.  In addition, the Court has already declined to issue a Certificate of Appealability, finding that Jackson failed to make a substantial showing of the denial of a constitutional right. [Record No. 138, p. 2]  Nothing in the current motion changes the Court's prior determination.  Accordingly, it is hereby

**ORDERED** that Defendant Eric Jackson's motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure [Record No. 142] is **DENIED**.  Again, the Court determines that a Certificate of Appealability shall not issue for the reasons previously announced.

This 10th day of February, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge